IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>            Plaintiff,<br><br>v.<br><br>Ian Juan Cipriano,<br><br>            Defendant. | No.  CR-10-1716-PHX-ROS<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE ROSLYN O. SILVER, SENIOR U.S. DISTRICT JUDGE:

Upon referral from the presiding District Judge and upon the written consent of the Defendant, the Court set this matter for an Admit/Deny hearing, which had previously been continued at Defendant's request.

After the Defendant elected to proceed by way of a denial of all three of the allegations in the Petition dated October 28, 2015, and filed November 5, 2015, (including both subparts of Allegation A) and after the Court's direct inquiry of the Defendant and conversation with the Defendant satisfied the Court that he was competent to proceed and that there was no physical or mental impediment to his proceeding, the Court heard telephonic testimony from the assigned Probation Officer.  Defendant was given the opportunity to cross-examine the Probation Officer.  Neither counsel requested the opportunity to make argument and each submitted on the testimony and records before the Court.

Based upon the testimony of the Probation Officer, including her responses to the Court's questions, the Court finds that the Government proved each of the allegations (including subparts) by a preponderance of the evidence. The Probation Officer testified that she instructed Defendant to appear at her office and to report back to her after he made additional efforts to secure transportation to the Yuma U.S. Probation Office. She testified that he complied with neither instruction. This constituted a violation of Standard Condition #3 as alleged in Allegation A. The Probation Officer further testified that Defendant did not report to the Probation Office within 72 hours of release from imprisonment. This constituted a violation of Standard Condition #18 as alleged in Allegation B. The Probation Officer also testified that Defendant did not ever arrive at the residential re-entry center assigned to him in Brawley, California. This constituted a violation of Special Condition #11 as alleged in Allegation C.

Accordingly, **IT IS RECOMMENDED** that the Court determine that Defendant committed each of the violations (A-C) as alleged in the Petition.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(b)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rule 59(b)(2), Federal Rules of Criminal Procedure. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Judge without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will

. . .

. . .

. . .

1  be considered a waiver of a party's right to appellate review of the findings of fact in an
2  order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Rule
3  59, Federal Rules of Criminal Procedure.
4        Dated this 10th day of February, 2016.

                                                            David K. Duncan
                                          United States Magistrate Judge